**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRADELINE ENTERPRISES PVT. LTD., | No. 18-56101 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-08048-JAK-RAO |
| v. | |
| JESS SMITH & SONS COTTON, LLC; J.G. BOSWELL COMPANY, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted June 6, 2019
Portland, Oregon

Before: MURGUIA and HURWITZ, Circuit Judges, and GAITAN,[**] District Judge.

Tradeline Enterprises Pvt. Ltd. ("Tradeline") appeals a district court order

confirming an arbitration award in favor of Jess Smith & Sons Cotton, LLC ("JSS")

and J.G. Boswell Company ("Boswell"). We have jurisdiction pursuant to 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri, sitting by designation.

§ 1291 and affirm.

The district court did not err by allowing non-signatories JSS and Boswell to invoke the arbitration clause in a license agreement between Tradeline and the Supima Association of America ("Supima"). State law controls whether federal courts may enforce arbitration agreements against signatories at the request of non-signatories. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009). Under Arizona law, which controls in this case, a non-signatory may compel arbitration with a signatory to an arbitration agreement if the claims at issue are "intimately founded in and intertwined with the underlying contract obligations." *Sun Valley Ranch 308 Ltd. P'ship v. Robson*, 294 P.3d 125, 135 (Ariz. Ct. App. 2012) (quoting *Amisil Holdings Ltd. v. Clarium Capital Mgmt.*, 622 F.Supp.2d 825, 830–31 (N.D. Cal. 2007)). The claims raised in Tradeline's operative complaint against JSS and Boswell are plainly "intertwined" with Tradeline's license agreement with Supima. The complaint alleges that JSS and Boswell caused Supima to breach and wrongfully terminate the license agreement. The license agreement is thus integral to Tradeline's claims, which "arise out of and relate directly" to that contract. *See id*.

**AFFIRMED.**